04FEDCRT101:L3501CC ⋌.FDC.doc:3/2/04:eff                                (L35-1)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LASER REPRODUCTIONS, INC., and  )        JUDGE KENNELLY
CARY GREEN,                      )
                                 )    MAGISTRATE JUDGE ASHMAN
        Plaintiffs,              )
                                 )    Case No.
    vs.                          )
                                 )    **04C 1815**
CONDE SYSTEMS, INC., and         )
DAVID GROSS,                     )
                                 )
        Defendants.              )    MAR 1 0 2004

## VERIFIED COMPLAINT

Plaintiffs LASER REPRODUCTIONS, INC., ("LASER REPRODUCTIONS")
and CARY GREEN ("GREEN"), as their COMPLAINT against Defendants CONDE
SYSTEMS, INC., ("CONDE") and DAVID GROSS ("GROSS"), state the following:

1.      In this COMPLAINT, LASER REPRODUCTIONS and GREEN seek
equitable and monetary relief for acts in violation of federal and state law.  This
COMPLAINT arises under the federal copyright act (Title 17, U.S.C. §§ 101 *et seqq.*),
section 43(a) of the federal Lanham Act (Title 15, U.S.C. § 1125(a)), the Illinois
Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seqq.*, the
Illinois Consumer Deceptive Trade Practices Act, 815 ILCS 510/1 *et seqq;*, and state
common law forbidding palming off, reverse palming off, and unfair competition.

## THE PARTIES

2.      Plaintiff LASER REPRODUCTIONS is a corporation of the State of Illinois having its principle place of business in Skokie, Illinois. Plaintiff GREEN is a resident of the State of Illinois.

3.      Defendant CONDE, on information and belief, is a corporation of the State of Alabama having its principal place of business in Mobile Alabama. CONDE is in the business, *inter alia*, of producing, selling, and distributing supplies and blank substrates to the custom decorating industry. Defendant GROSS, on information and belief, is a resident of the State of Alabama. Defendant GROSS is the president of Defendant CONDE.

## JURISDICTION AND VENUE

4.      Counts I to V allege a violation of the federal copyright act (Title 17, U.S.C. §§ 101 *et seqq.*). The Court has exclusive jurisdiction of these counts under Title 18, U.S.C., § 1338. Counts VI to VIII allege violations of the federal Lanham Act (Title 15, U.S.C. § 1125(a)). The Court has jurisdiction of these counts pursuant to Title 18, U.S.C., § 1331. The Court has jurisdiction of the remaining counts under its supplemental jurisdiction of Title 18, U.S.C., § 1367.

5.      Alternately, all of the plaintiffs are citizens of the State of Illinois. Further, all of the defendants are citizens of the State of Alabama. Thus, all of the plaintiffs are citizens of different states from all of the defendants. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has jurisdiction of these counts under Title 28, U. S. C., § 1332.

6.     A substantial part of the events and omissions giving rise to these claims occurred in this district. Accordingly, venue lies in this district under Title 28, U. S. C., § 1391(a).

## COUNT I:  COPYRIGHT VIOLATION
## THE DOLLS

7.     In 1991, Plaintiff GREEN and his sister Carol S. Conroy ("Conroy") created a series of dolls which they have variously designated by the names and trademarks "N. E. Buddy Photo Face Doll," "Baby Me Doll," "Baby n' Me Doll," "Baby Me Too Doll," and "Binkie." Each of these dolls, by virtue of its creation, has an entitlement to a United States copyright ("the first copyright"). These dolls have blank faces so that a photograph of a particular person may be placed on a doll's face to individualize the doll for that individual.

8.     On February 12, 2003, GREEN and Conroy obtained United States registration number VA 1-171-457 ("the first registration") on the first copyright on their dolls. A copy of this first copyright registration is attached as Exhibit A. Copies of the photographs submitted with the application to register the first copyright appear as Exhibit B.

9.     Conroy, on September 4, 2003, assigned all of her right, title, and interest in the first copyrighted of dolls to Plaintiff GREEN.

10.     Conroy, GREEN, Ella Pike ("Pike"), and LASER REPRODUCTIONS, in 2004, created various materials for a Trade Book that included photographs of numerous soft sculptures, or dolls. The Trade book (shown in Exhibit C), in particular contained the

- 3 -

soft sculptures of the registration VA 1-171-457 and a large number of photographs of soft sculptures not shown in the first registration. Pike, in particular, created seven soft sculptures in the Trade Book by adding clothes to soft sculptures shown in the first registration.

11.     Conroy and LASER REPRODUCTIONS have assigned their right, title, and interest in the copyright to the Trade Book and its contents (the "second copyright") to Plaintiff GREEN. Any interest of Pike's in any copyright on the Trade Book belongs to Plaintiff GREEN by operation of law.

12.     In addition to the first copyright registration listed in paragraph 8 above, Plaintiff Green has obtained copyright registration VAu599-535 (Exhibit D) on the Trade Book ("the second registration"). This registration has an effective date of January 13, 2004. The second registration claimed copyright protection in the soft sculptures themselves and the photographs in the book not covered by the first copyright or the first registration, and the book as a compilation.

13.     Plaintiff GREEN has exclusively licensed his first and second copyrights (the "Copyrights") on the dolls, photographs, and compilation to Plaintiff LASER REPRODUCTIONS. In turn, LASER REPRODUCTIONS engages in the business of imprinting individuals' faces on the dolls and selling the now individualized dolls to the individuals requesting the dolls with the particular faces. LASER REPRODUCTIONS also sells dolls to businesses which then may also place faces on the dolls and sell them to those purchasing this service and product.

14.     Defendant CONDE, in the years 2000 and 2001 purchased dolls covered by the Copyrights from Baby Me., Inc., then a licensee of Conroy and Plaintiff GREEN. Defendant CONDE then resold the dolls to businesses which placed faces on the dolls to sell to the eventual consumers. However, CONDE stopped purchasing the copyrighted dolls from Baby Me., Inc., in 2001.

15.     Since 2001, CONDE, under the direction of its president, Defendant GROSS, has purchased and had made dolls substantially similar to, in fact exactly the same as, the dolls covered by GREEN's Copyrights from sources other than LASER REPRODUCTIONS. The dolls thus purchased by CONDE were neither made nor approved by GREEN or LASER REPRODUCTIONS. CONDE has sold these unapproved dolls to others. By engaging in these activities, CONDE and GROSS have knowingly and intentionally infringed GREEN'S Copyrights under Title 17, U.S.C., § 106(1).

16.     CONDE, at Defendant Gross' direction, has also demonstrated and displayed these unapproved, infringing dolls to others. These activities violate Title 17, U.S.C., § 106(5),

17.     Plaintiff LASER REPRODUCTIONS has demanded that Defendants CONDE and GROSS cease and desist their infringement of Plaintiff's Copyrights. Defendants CONDE and GROSS have refused this demand.

18.     Clearly, Defendants will continue to infringe Plaintiffs' Copyrights unless this Court enjoins them from this activity.

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from infringing the Copyrights under Title 17, U.S.C., § 502 by making, having made, selling, demonstrating, or advertising dolls substantially similar to those covered by Plaintiffs' Copyrights. Plaintiffs also seek an order of this Court that infringing dolls be impounded and destroyed or otherwise disposed of pursuant to Title 17, U.S.C., § 503, and the seizure and forfeiture of such dolls under Title 17, U.S.C., § 509. Furthermore, Plaintiffs seek an award of compensatory damages and their attorney's fees and costs in pursuing this action pursuant to Title 17, U.S.C., §§ 504 and 505.

## COUNT II: COPYRIGHT VIOLATION
### THE DRESSED AND BLANK DOLLS AND
### THE DRESSED AND INDIVIDUALIZED DOLLS

19.     Plaintiffs restate and reallege paragraphs 7 to 18 above.

21.     Defendant CONDE, under the direction of Defendant GROSS, has taken the infringing dolls and placed clothing on them. These clothed dolls are identical to those shown in the second copyright. On some, but not all of the clothed, infringing dolls, Defendants have imprinted pictures of various persons. Defendants have then sold and distributed the clothed dolls, both blank and imprinted, to other businesses and to the public.

21.     Further, Defendants have publicly demonstrated and displayed the blank and imprinted, clothed dolls. These activities have occurred at, *inter alia*, at training sessions and at trade shows.

22.     Upon information and belief, Defendant Gross has also committed infringing activities at flea markets. There, he has demonstrated and displayed blank and individualized, clothed dolls. He has also sold individualized, clothed dolls.

23.     Defendants' actions enumerated in the prior three paragraphs constitute the unlawful making, distribution, and of display of derivative works of Plaintiffs' dolls covered by the first copyright. They also constitute the unlawful reproducing of the copyrighted dolls covered by the second copyright in copies and thus a direct infringement of the second copyright. These actions constitute a violation of Title 17, U.S.C., § 106(1), (2), and (5).

24.     Plaintiffs have demanded that Defendants cease and desist their infringing activities set forth in this count. Defendants have refused to do so and will continue their infringing activities unless enjoined by this Court.

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from infringing the Copyrights by imprinting dolls or by making, selling, advertising, or demonstrating clothed blank or imprinted dolls violative of these copyrights under Title 17, U.S.C., § 502. Plaintiffs further ask this Court for an order that infringing dolls be impounded and destroyed or otherwise disposed of pursuant to Title 17, U.S.C., § 503, and be seized and forfeited under Title 17, U.S.C., § 509. Furthermore, Plaintiffs seek an award of compensatory damages and their attorney's fees and costs in pursuing this action pursuant to Title 17, U.S.C., §§ 504 and 505.

## COUNT III: COPYRIGHT VIOLATION
## THE DOLLS IN CONDE'S CATALOG

25.     Plaintiffs restate and reallege paragraphs 7 to 24 above.

26.     Defendant CONDE, under the direction of Defendant GROSS, has made photographs of infringing dolls having clothing and imprinted pictures of persons' faces. The photographs themselves constitute both direct copies and derivative works made from the copyrighted dolls, photographs, and compilation. Defendants then published these photographs of the dolls in Defendant CONDE's catalog. A copy of CONDE's catalog showing the photographs of the dolls appears as Exhibit E.

27.     Defendants' actions of making and publishing photographs of the copyrighted dolls constitute the unlawful making and distribution of copies and derivative works of Plaintiffs' dolls, photographs, and compilation protected by the Copyrights. These actions thus constitute a violation of Title 17, U.S.C, § 106(1), (2), and (3).

28.     Plaintiffs have demanded that Defendants cease and desist their infringing activities set forth in this count. Defendants have refused to do so and will continue their infringing activities unless enjoined by this Court.

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from infringing the Copyrights by making and publishing photographs of the dolls violative of the first and second copyrights under Title 17, U.S.C., § 502. Plaintiffs further ask this Court for an order that catalogs with the infringing photographs be impounded and

- 8 -

destroyed or otherwise disposed of pursuant to Title 17, U.S.C., § 503, and be seized and forfeited under Title 17, U.S.C., § 509. Furthermore, Plaintiffs seek an award of compensatory damages and their attorney's fees and costs in pursuing this action as provided for by Title 17, U.S.C., §§ 504 and 505.

## COUNT IV: COPYRIGHT VIOLATION
## THE DOLLS ON CONDE'S WEBSITE

29.    Plaintiffs restate and reallege paragraphs 7 to 28 above.

39.    Defendant CONDE, under the direction of Defendant GROSS, has placed on its website photographs of infringing clothed dolls identical to those shown in CONDE's catalog and discussed in the prior count. As before, these photographs themselves constitute derivative works made from the dolls covered by the first copyright and a direct infringement of the second copyright and thus infringe the Copyrights. A copy of CONDE's website showing the photographs of the dolls appears as Exhibit F.

31.    Defendants' actions of making and publishing photographs of the copyrighted dolls constitute a violation of Title 17, U.S.C, § 106(1), (2), and (3).

32.    Plaintiffs have demanded that Defendants cease and desist their infringing activities set forth in this count. After this demand, CONDE removed the infringing dolls and photographs from its website, saying that the items had been "Temporarily Discontinued." (See Exhibit G showing CONDE's website of September 22, 2003.) Since then, Defendant CONDE, under the direction of its president, Defendant GROSS, has replaced the infringing dolls and photographs on its website. Defendants will clearly continue their infringing activities unless enjoined by this Court.

33.     In fact, Defendant CONDE's website of 12/24/03 (attached as Exhibit F) has announced, on page 3 of 4) that it intends to market products that would appear the same as other products covered by Plaintiffs' Copyrights.

34.     Moreover, on January 9, 2004, Mr. Chris Knight of Defendant CONDE telephoned Plaintiff GREEN and asked him what Laser Reproductions would introduce during the year of 2004. When GREEN asked why he should tell Knight since CONDE would only copy the new products. Mr. Knight responded to this with words to the effect of, "Well, wouldn't you do the same thing if you could get them cheaper elsewhere?" Through Knight, CONDE has evidenced a clear intention to continue copying Plaintiff's dolls notwithstanding the Copyrights possessed by Plaintiff Green on these items.

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from infringing the Copyrights by publishing on CONDE's website photographs of the dolls violative of the Copyrights under Title 17, U.S.C., § 502. Furthermore, Plaintiffs seek an award of compensatory damages and their attorney's fees and costs in pursuing this action pursuant to Title 17, U.S.C., §§ 504 and 505.

## COUNT V: COPYRIGHT VIOLATION
### CONTRIBUTORY INFRINGEMENT

35.     Plaintiffs restate and reallege paragraphs 7 to 34 above.

36.     Defendant CONDE, under the direction of Defendant GROSS, has sold and placed on sale its dolls identical to those shown in CONDE's catalog and on its

website as discussed above. In particular, it has sold these items to companies which, in turn, imprint them with individuals' faces and sell them to members of the public.

37.     Defendants, to make sure that their customers understand how to imprint the infringing dolls, place instructions for doing so on CONDE's website. CONDE also includes these instructions with the infringing dolls when it ships them to their customers.

38.     The actions of these companies in imprinting and selling the dolls constitute infringements of the Copyrights under Title 17, U.S.C, § 106(2) and (3). However, CONDE and GROSS have encouraged, induced, and taught their purchasers of the dolls to engage in these infringing activities.

39.     Defendants' actions of selling the copyrighted dolls to other companies and encouraging and inducing them to sell the dolls to their consumers constitute contributory infringement of Title 17, U.S.C, § 106(2) and (3).

40.     Plaintiffs have demanded that Defendants cease and desist their contributorily infringing activities set forth above. Defendants have refused to do so and will continue their contributorily infringing activities unless enjoined by this Court.

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court under Title 17, U.S.C., § 502, to temporarily and permanently enjoin Defendants CONDE and GROSS from contributorily infringing the Copyrights by selling dolls violative of the Copyrights to other entities which then modify them and provide them to the public. Furthermore, Plaintiffs seek an award of compensatory damages and their

attorney's fees and costs in pursuing this action pursuant to Title 17, U.S.C., §§ 504 and 505.

## COUNT VI:  LANHAM ACT VIOLATION
## PALMING OFF

41.    Plaintiffs restate and reallege paragraphs 7 to 40 above.

42.    Plaintiff LASER REPRODUCTIONS sells and ships its dolls in interstate commerce.

43.    The dolls covered by Plaintiffs' Copyrights have been advertised in catalogs (a copy of which is attached as Exhibit H) and shown on the website with the domain name of "Photodolls.com" of Plaintiff LASER REPRODUCTIONS (shown in Exhibit I).

44.    Defendant CONDE, under the direction of Defendant GROSS, similarly sells and ships its dolls in interstate commerce.

45.    Up until about August, 2001, Defendant CONDE had purchased, imprinted, and sold dolls obtained from Baby Me, Inc., a licensee of the copyright owners Conroy and Plaintiff GREEN. The dolls provided to CONDE were covered by Plaintiffs' copyrights and wore very unique costumes. Further the dolls bore attached labels providing the following information:

       (a)    the doll emanated from Care Creations or Care Creations Co., Inc., (a "doing business as" name for Plaintiff LASER REPRODUCTIONS);

- 12 -

    (b)    the trademark "Baby Me" (now belonging to Plaintiff LASER REPRODUCTIONS); and

    (c)    a copyright notice.

46.    The dolls' clothes bore hang tags that stated:

    (a)    the doll emanated from Care Creations (a "doing business as" name for Plaintiff LASER REPRODUCTIONS);

    (b)    a copyright notice.

47.    At some point in time, Defendant CONDE, under the direction of Defendant GROSS, removed the attached labels on dolls obtained from Plaintiff LASER REPRODUCTIONS and on the dolls' clothes. CONDE then sold and distributed the dolls with their labels removed to the public and other businesses.

48.    Fraudulently removing a label carrying a copyright notice subjects the person doing so to a fine of not more than $2,500.00 under subsection (d) of Title 17, U.S.C, § 506, entitled "Criminal Offenses."

49.    Defendants CONDE and GROSS removed the labels from the dolls to destroy the identity of the dolls with Plaintiffs so that when they marketed fake dolls similarly without labels, the purchasing public and businesses would assume that they came from the same source as Plaintiff LASER REPRODUCTIONS' dolls.

50.    Defendant CONDE, under the direction of Defendant GROSS, then stopped purchasing dolls from Plaintiff and obtained and sold identical dolls with identical costumes.

51. However, Defendants continued to use the pictures of the dolls covered by Plaintiffs' Copyrights in its catalogs (Exhibit E) and on its website (Exhibit F) to promote the sale of the fake dolls.

52. Then, Defendants CONDE and GROSS used the fake dolls to fill orders obtained through CONDE's catalog and website displaying the dolls of Plaintiff LASER REPRODUCTIONS.

53. Defendants' actions of obtaining and selling identical dolls dressed identically to those it had previously obtained from Plaintiff LASER REPRODUCTIONS and filling orders obtained by its catalog and website showing Plaintiffs' dolls had the intent and effect of causing purchasers to believe that the dolls had their origin with Plaintiff LASER REPRODUCTIONS or its licensee. This is especially the case since Defendants had removed the labels of Plaintiff LASER REPRODUCTIONS and its licensee from the dolls and the clothes that it had previously sold. Thus, the new dolls sold by CONDE would thus appear virtually identical to those CONDE sold when it had purchased from Plaintiff LASER REPRODUCTIONS.

54. Further, Plaintiff LASER REPRODUCTIONS has applied the trademark "Binkie" to some of its smaller dolls that it has sold. This trademark has also appeared in LASER REPRODUCTIONS' catalog (Exhibit H, above) and on its website (Exhibit I, above). The word "Binkie" has no meaning other than to identify the thusly labeled dolls as having their origin with Plaintiff LASER REPRODUCTIONS.

55. Defendant CONDE, under the direction of its president, Defendant GROSS, has used Plaintiff LASER REPRODUCTIONS' trademark "Binkie" to refer to

- 14 -

dolls it sells. Further, the dolls Defendant CONDE sells under the mark "Binkie" are identical to those sold by Plaintiff LASER REPRODUCTIONS under the same mark. Defendant CONDE has thus intentionally used the mark "Binkie" to mislead purchasers into believing that the dolls have their origin with Plaintiff LASER REPRODUCTIONS.

56. Plaintiff LASER REPRODUCTIONS has suffered from the confusion created by Defendants CONDE's and GROSS' actions enumerated above.

57. Plaintiff LASER REPRODUCTIONS now finds itself unable to control the quality of the goods that purchasers believe had their origin with LASER REPRODUCTIONS. Plaintiff LASER REPRODUCTIONS has suffered this expectable result since Defendants CONDE and GROSS are supplying dolls of inferior quality to purchasers believing that they are obtaining dolls having their origin with LASER REPRODUCTIONS. In fact, Plaintiffs have received information that the heads of the fake dolls supplied by Defendants actually pop open when heated as required in their actual use. This dangerous result ruins the reputation of Plaintiffs' product because of the virtually same appearance of the defective dolls to those of Plaintiffs.

58. Defendants' actions is creating confusion as to the origin of their dolls constitutes a violation of section 43(a) of the Lanham Act, Title 15, U.S.C, § 1125(a).

59. Plaintiffs have demanded that Defendants cease and desist their activities that have the effect of creating confusion as to the source of their dolls as set forth above. Defendants have refused to do so and will continue their infringing activities unless enjoined by this Court.

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from creating the liklihood of confusion of the source and origin of their dolls under Title 15, U.S.C, § 1116(a). Furthermore, Plaintiffs seek an award of compensatory and punitive damages and their attorney's fees and costs in pursuing this action pursuant to Title 15, U.S.C, § 1117(a).

## COUNT VII: LANHAM ACT VIOLATION
## REVERSE PALMING OFF

60.     Plaintiffs restate and reallege paragraphs 7 to 59 above.

61.     Defendant CONDE, under the direction of Defendant GROSS, has engaged in a course of conduct intended to and will have the likely consequence of convincing the purchasing public that the dolls sold by and offered for sale by Plaintiff LASER REPRODUCTIONS have their source and origin with CONDE.

62.     Defendants CONDE and GROSS have attempted to achieve the result stated in the previous paragraph by publishing statements to the effect that:

    (a)     The dolls sold by CONDE (which happen to be virtually identical to those sold by Plaintiff LASER REPRODUCTIONS) are "unique;"

    (b)     CONDE developed the idea for the dolls in a "brainstorming session" with "some ladies;"

    (c)     Conde developed the materials for use in the image transferring process;" and

(d)      Conde "provide[s] an innovative new material that is an adhesive-backed fabric that is already cut into the shape of the doll's face."

63.      All of the statements of the prior paragraph were false at the time that CONDE made them. Further, CONDE knew that the statements of the prior paragraph were false at the time that they were made.

64.      Defendants CONDE and GROSS further removed from some of the dolls purchased from Plaintiff LASER REPRODUCTIONS the tags that identified LASER REPRODUCTIONS as the source of the dolls.

65.      The statements and actions of the paragraphs 62 and 64 above can only have the purpose and effect of creating the impression and belief that all such dolls now available, *including those sold by Plaintiff LASER REPRODUCTIONS*, have their source and origin with Defendant CONDE.

66.      Creating the impression that the dolls offered to the public by Plaintiff LASER REPRODUCTIONS has their source and origin with CONDE constitutes "reverse palming off" and a violation of section 43(a) of the Lanham Act, Title 15, U.S.C, § 1125(a).

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from creating the liklihood of confusion of the source origin of their dolls under Title 15, U.S.C, § 1116(a). Furthermore, Plaintiffs seek an award of compensatory and punitive

- 17 -

damages and their attorney's fees and costs in pursuing this action pursuant to Title 15, U.S.C, § 1117(a).

## COUNT VIII: LANHAM ACT VIOLATION
## FALSE STATEMENTS

67.    Plaintiffs restate and reallege paragraphs 7 to 66 above.

68.    The statements of the paragraph 62 above are false and are known to Defendants CONDE and GROSS to be false. As such, they constitute violations of section 43(a) of the Lanham Act, Title 15, U.S.C, § 1125(a).

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from repeating the false statements given above under Title 15, U.S.C, § 1116(a). Furthermore, Plaintiffs seek an award of compensatory and punitive damages and their attorney's fees and costs in pursuing this action pursuant to Title 15, U.S.C, § 1117(a).

## COUNT IX: VIOLATION OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

69.    Plaintiffs restate and reallege paragraphs 7 to 68 above.

70.    The actions complained of Counts VI to VIII above constitute violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seqq.*

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from

repeating their violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seqq*. Furthermore, Plaintiffs seek an award of compensatory and punitive damages and their attorney's fees and costs in pursuing this action.

## COUNT X: VIOLATION OF THE ILLINOIS
## DECEPTIVE TRADE PRACTICES ACT

71.     Plaintiffs restate and reallege paragraphs 7 to 70 above.

72.     The actions complained of Counts VI to VIII above constitute violations of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seqq*.

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from repeating their violations of the Illinois Consumer Deceptive Trade Practices Act, 815 ILCS 510/1 *et seqq*. Furthermore, Plaintiffs seek an award of compensatory and punitive damages and their attorney's fees and costs in pursuing this action.

## COUNT XI: VIOLATION OF THE ILLINOIS
## COMMON LAW OF UNFAIR COMPETITION

73.     Plaintiffs restate and reallege paragraphs 7 to 72 above.

74.     The actions complained of Counts VI to VIII above constitute violations of the Illinois common law of unfair competition.

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN request this Court to temporarily and permanently enjoin Defendants CONDE and GROSS from

repeating their violations of the Illinois common law of unfair competition. Furthermore, Plaintiffs seek an award of compensatory and punitive damages and their attorney's fees and costs in pursuing this suit.

## REQUESTED RELIEF

Accordingly, Plaintiffs LASER REPRODUCTIONS and GREEN respectfully request this Court to:

(a)     Temporarily and permanently enjoin Defendants CONDE and GROSS from directly or contributorily infringing copyrights of Plaintiffs LASER REPRODUCTIONS and GREEN under Title 17, U.S.C., § 502;

(b)     Order the impoundment and destruction or other disposition of all infringing dolls and catalogs under Title 17, U.S.C., § 503;

(c)     Order the seizure and forfeiture of the infringing dolls and catalogs under Title 17, U.S.C., § 509

(d)     Temporarily and permanently enjoin Defendants CONDE and GROSS from palming off its dolls as dolls having their source or origin with Plaintiffs pursuant to Title 15, U.S.C, § 1116(a);

(e)     Temporarily and permanently enjoin Defendants CONDE and GROSS from reverse palming off Plaintiffs' dolls as dolls having their source or origin with Defendants under Title 15, U.S.C, § 1116(a);

(f)     Temporarily and permanently enjoin Defendants CONDE and GROSS from repeating their false statements concerning either their or Plaintiff's dolls under Title 15, U.S.C, § 1116(a);

(g)     Temporarily and permanently enjoin Defendants CONDE and GROSS from further violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seqq*;

(h)     Temporarily and permanently enjoin Defendants CONDE and GROSS from further violations of the Illinois Consumer Deceptive Trade Practices Act, 815 ILCS 510/1 *et seqq;*

(i)     Direct that an accounting be undertaken to determine Plaintiff's damages including Defendants' profits;

(j)     Pay Plaintiffs LASER REPRODUCTIONS and GREEN exemplary and punitive damages in an as yet undetermined amount;

(k)     Pay Plaintiffs LASER REPRODUCTIONS' and GREEN's costs and attorney fees for this action; and

(l)     Grant such other relief as is just and appropriate.


Respectfully submitted,

One of Plaintiff's Attorneys

Eugene F. Friedman
Gail Tuler Friedman
FRIEDMAN & FRIEDMAN, LTD.
Monadnock Building -- Suite 1633
53 West Jackson Boulevard
Chicago, Illinois 60604
(312) 922-8882
Fax (312) 922-7763

Counsel for Plaintiffs

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 4 , 2004

Cary Green

# See Case File For Exhibits

JS 44
(Rev. 07/89)                              **CIVIL COVER SHEET**                              (L35-1)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**                    JUDGE KENNELLY          **DEFENDANTS**

LASER REPRODUCTIONS, INC., and                        CONDE SYSTEMS, INC., and
CARY GREEN                                            DAVID GROSS
                          MAGISTRATE JUDGE ASHMAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cook          COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Mobile
(EXCEPT IN U.S. PLAINTIFF CASES)                                  (IN U.S. PLAINTIFF CASES ONLY)
                                                     NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
                                                     TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)     ATTORNEYS (IF KNOWN)
FRIEDMAN & FRIEDMAN, LTD
53 West Jackson Boulevard -- Suite 1633          04C 1815
Chicago, Illinois 60604
(312) 922-882

| **II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|

| (For Diversity Cases Only) | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

MAR 1 0 2004

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

17 U.S.C., Sections 101 *et seqq.* -- Defendants purchased soft sculpture dolls from Plaintiffs and then intentionally infringed Plaintiffs' U.S. copyrights

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)                                    Appeal to District
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint:   **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. REMARKS**   In response to ☒ is not a refiling of a previously dismissed action
**General Rule   2.21D(2)** this case ☐ is a refiling of case number _____ of Judge _____

DATE                SIGNATURE OF ATTORNEY OF RECORD
March 9, 2003          *Eugene F. Friedman*          Eugene F. Friedman

**UNITED STATES DISTRICT COURT**

(L35-1)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**JUDGE** KENNELLY

In the Matter of

LASER REPRODUCTIONS, INC.

CARY GREEN

MAGISTRATE JUDGE ASHMAN

v.

Case Number: **04C 1815**

CONDE SYSTEMS, INC.

DAVID GROSS

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

LASER REPRODUCTIONS, INC. and CARY GREEN,  Plaintiffs

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME<br>Eugene F. Friedman | NAME<br>Gail Tuler Friedman |
| FIRM<br>FRIEDMAN & FRIEDMAN, LTD. | FIRM<br>FRIEDMAN & FRIEDMAN, LTD. |
| STREET ADDRESS<br>53 West Jackson Boulevard -- Suite 1633 | STREET ADDRESS<br>53 West Jackson Boulevard -- Suite 1633 |
| CITY/STATE/ZIP<br>Chicago, Illinois 60604 | CITY/STATE/ZIP<br>Chicago, Illinois 60604 |
| TELEPHONE NUMBER<br>(312) 922-8882 | TELEPHONE NUMBER<br>(312) 922-8882 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>0882879 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)<br>3124337 |
| MEMBER OF TRIAL BAR?   YES ☒   NO ☐ | MEMBER OF TRIAL BAR?   YES ☒   NO ☐ |
| TRIAL ATTORNEY?   YES ☒   NO ☐ | TRIAL ATTORNEY?   YES ☒   NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☐ | MEMBER OF TRIAL BAR?   YES ☐   NO ☐ |
| TRIAL ATTORNEY?   YES ☐   NO ☐ | TRIAL ATTORNEY?   YES ☐   NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |

MAR 1 0 2004

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**

